**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JEMEKIA BARBER,

      Plaintiff - Appellant,

v.

UNITED STATES ARMY; THOMAS E.
WHITE, in his capacity as Secretary of the
Army; GENERAL ERIC K. SHINSEKI,
in his capacity as Chief of Staff of the
Army; MAJOR GENERAL ROBERT
WILSON, in his capacity as Commander
of the Seventh Infantry Division and Fort
Carson,

      Defendants - Appellees.

No. 03-1056
(D.C. No. 00-N-1022 (MJW))
(District of Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **PORFILIO**, and **HARTZ**, Circuit Judges.

---

In this appeal, a discharged female soldier attempts to challenge portions of the

anthrax vaccine program of the United States Army. She does so, however, in the guise

of an objection to the legality of her discharge filed originally in the United States District

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Court for the District of Colorado. Admitting she disobeyed a direct order and was discharged under less than honorable conditions after asking for and agreeing to a "Chapter 10 discharge," Ms. Barber contends the order she disobeyed was illegal and deprived her of Constitutional rights. The district court dismissed, and we affirm, although on grounds other than failure to exhaust. *Stillman v. Teachers Ins. & Annuity Assn. College Ret. Eq. Fund*, 343 F.3d 1311, 1321 (10th Cir. 2003) (we may affirm on any ground supported by the record).

While still in active service, Ms. Barber was ordered to receive an anthrax vaccination in preparation for a transfer to Korea. She disobeyed that order on the ground that the vaccination may not be safe for females of child-bearing age. Ms. Barber's battalion commander preferred court-martial charges against her for that disobedience. With the assistance of counsel, Ms. Barber bargained for, and received, an administrative discharge (Chapter 10 discharge) and thus avoided the court martial proceedings.

The application for Chapter 10 discharge submitted by Ms. Barber recited that: (1) the request was made of her own free will; (2) she was guilty of the charge against her (failing to obey a lawful order to receive anthrax vaccination "which was her duty to obey"); (3) she had no desire to perform further military service; (4) she understood if her request was granted she may be ineligible for veterans benefits and "may prejudice her in civilian life"; and (5) she "must apply to the Army Discharge Review Board or the Army Board for Correction of Military Records if [she] wish[ed] review of [her] discharge."

The request for discharge was granted.  Upon recommendation of the Battalion commander, Ms. Barber received an "Other Than Honorable" discharge.  The commander believed that characterization was warranted because "Barber was manipulative and premeditated in her conduct.  She seeks to benefit herself through her misbehavior."

The instant action was filed in the district court one week after her discharge was entered.  Ms. Barber sought injunctive relief barring the Army from finalizing her discharge as Other than Honorable, claiming the order directing her to be immunized was unlawful, and she should not be penalized for refusing to obey it.  A preliminary injunction was denied on grounds of lack of irreparable harm; potential harm to the Army was greater than that to Ms. Barber; the injunction would be adverse to the public interest; and failure to show likelihood of success.

The district court later granted the government's motion to dismiss, employing several grounds, one of which was failure to exhaust.  Under authority of ***Mindes v. Seaman***, 453 F.2d 197 (5th Cir. 1971), the court held Ms. Barber's claim was not justiciable because she failed to exhaust her military remedies.  She contends, however, the court erred in this holding because after ***Darby v. Cisneros***, 509 U.S. 137 (1993), exhaustion of administrative remedies is no longer required as a condition to review under the Administrative Procedures Act.  The Army argues we do not have to reach this issue because as part of her Chapter 10 discharge request, Ms. Barber agreed she "must apply to the Army Discharge Review Board or the Army Board of Correction of Military

3

Records if I wish review of my discharge." We agree. *See **Kowalczyk v. I.N.S.***, 245 F.3d 1143, 1149 (10th Cir. 2001) (estoppel bars a party from taking a legal position inconsistent with an earlier statement or action that prejudices her adversary).

Here Ms. Barber was able to avoid the consequences of a court martial for her admitted disobedience, including possible incarceration, through the vehicle of the Chapter 10 discharge. In consideration for that benefit, she promised to limit any review of her discharge to certain military review boards. Permitting her to avoid that promise would give her relief not bargained for and would be patently prejudicial to the Army. Moreover, it would allow Ms. Barber to reap the benefit of the dismissal of charges without enforcing her promise of appealing to the military review boards.

Ms. Barber's counsel admits she could advance before either military board her theory that the Army's anthrax vaccination program for women of child-bearing age is unlawful. Counsel also admits there is no present time impediment to seeking review before either board.

Nonetheless, Ms. Barber argues she is not bound by the statement in her Chapter 10 application. First, she maintains in the district court the Army "acquiesced" to a court contest of her discharge. In support of that contention, she cites page 13, note 8 of the Army's brief. That note, in turn, cites page 411 of the Appellant's Appendix, quoting a partial transcript made during the arguments on Ms. Barber's motion for preliminary injunction. The only reference on that page even remotely connected to an

4

"acquiescence" is a statement by the Army's counsel that the Army had agreed to stay the finality of the discharge until "June 1, after the conclusion of the preliminary injunction hearing."

Ms. Barber also asserts the Army "did not raise the claim of estoppel during the preliminary injunction hearing." That assertion is also unsupported by the record she cites. When the district court asked whether it could theoretically order a change of a discharge on Constitutional grounds, government counsel agreed. However, that colloquy did not take place in the context of the statements Ms. Barber made in the Chapter 10 application, but in the context of discussing the court's jurisdiction in general.

Ms. Barber also maintains she has not waived the right to challenge the anthrax policy arguing she made no knowing relinquishment of that right. She argues the agreement she signed "does not mention federal court." That argument is patently specious. She also claims she "expressly reserved the right to challenge." We find no such statement in the agreement.

Finally, Ms. Barber asserts the military attorney who represented her was not competent to provide counsel on her rights because the attorney had a conflict of interest. But Ms. Barber has not presented us with any inadequacies by her military attorney that would undermine our determination that she is estopped from pursuing her claim in federal court. We offer no opinion regarding whether the alleged conflict of interest

would justify relief by military review boards. Because of this holding, we need not consider the other arguments raised by Ms. Barber.

**AFFIRMED.**

ENTERED FOR THE COURT

John C. Porfilio
Senior Circuit Judge